UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS | § | |
| (PHENTERMINE, FENFLURAMINE, | § | |
| DEXFENFLURAMINE) PRODUCTS | § | MDL DOCKET NO. 1203 |
| LIABILITY LITIGATION | § | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | § | |
| | § | |
| THIS DOCUMENT RELATES TO: | § | |
| | § | |
| PEGGY MARTINEZ, ET AL. | § | MDL # 02-20144 |
| v. | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL | § | |
| | § | |
| MARILYN MELDER | § | MDL # 02-20142 |
| v. | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL. | § | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | § | |

PRETRIAL ORDER NO.

AND NOW, this _____ day of _____, 2003, upon consideration of Wyeth's

Motion to Strike Plaintiffs Marilyn Melder's and Peggy Martinez's Expert Witnesses, and to Bar

Plaintiff Tefferny Perez from Designating an Expert, it is hereby ORDERED that the motion is

GRANTED.

BY:

_____
Harvey Bartle, III, J.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS | § | |
| (PHENTERMINE, FENFLURAMINE, | § | |
| DEXFENFLURAMINE) PRODUCTS | § | MDL DOCKET NO. 1203 |
| LIABILITY LITIGATION | § | |
| | § | |
| | § | |
| THIS DOCUMENT RELATES TO: | § | |
| | § | |
| PEGGY MARTINEZ, ET AL. | § | MDL # 02-20144 |
| v. | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL | § | |
| | § | |
| MARILYN MELDER | § | MDL # 02-20142 |
| v. | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL. | § | |
| | § | |

## WYETH'S MOTION TO STRIKE PLAINTIFFS MARILYN MELDER'S AND PEGGY MARTINEZ'S EXPERT WITNESSES AND TO BAR PLAINTIFF TEFFERNY PEREZ FROM DESIGNATING AN EXPERT

Defendant Wyeth hereby moves to strike, pursuant to Federal Rule of Civil Procedure 16(f), plaintiff Peggy Martinez's expert, Dr. Chester Falterman, and plaintiff Marilyn Melder's expert, Dr. Gabriel Lasala, due to plaintiffs' failure to produce adequate expert reports. Wyeth further moves to bar plaintiff Tefferny Perez from designating a causation expert due to her failure to timely designate or provide a report for a case-specific causation expert. In support of this motion, Wyeth has submitted the accompanying Memorandum, and has also provided the Court with a proposed Pretrial Order.

Respectfully submitted,

Peter L. Zimroth
Keri L. Howe
ARNOLD & PORTER
399 Park Avenue
New York, NY  10022
(212) 715-1010

David Neslin
Andrew Myers
ARNOLD & PORTER
370 Seventeenth Street
Suite 4500
Denver, Co 80202

Michael T. Scott
Paul B. Kerrigan
Caroline Flotron
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8248

*Attorneys for Defendant Wyeth*

Dated:        December 9, 2003

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE, FENFLURAMINE, DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | § § § § § | MDL DOCKET NO. 1203 |
| THIS DOCUMENT RELATES TO: | § § § | |
| PEGGY MARTINEZ, ET AL. v. AMERICAN HOME PRODUCTS CORPORATION, ET AL | § § § § § | MDL # 02-20144 |
| MARILYN MELDER v. AMERICAN HOME PRODUCTS CORPORATION, ET AL. | § § § § § | MDL # 02-20142 |

**MEMORANDUM IN SUPPORT OF WYETH'S MOTION TO STRIKE PLAINTIFFS MARILYN MELDER'S AND PEGGY MARTINEZ'S EXPERT WITNESSES AND TO BAR PLAINTIFF TEFFERNY PEREZ FROM DESIGNATING AN EXPERT**

Defendant Wyeth respectfully submits this memorandum in support of its motion under Federal Rule of Civil Procedure 16(f) for an order striking Peggy Martinez's and Marilyn Melder's experts and barring plaintiff Tefferny Perez designating a causation expert.

## I.    INTRODUCTION

This motion is based on plaintiffs' failure to provide expert reports in compliance with Federal Rule of Civil Procedure 26(a)(2)(B). Wyeth has repeatedly advised plaintiffs' counsel of the specific expert disclosure requirements of this Court in an attempt to secure meaningful Rule 26-compliant reports. However, despite repeated requests and the extension of discovery deadlines, Wyeth has yet to receive Rule 26-compliant case-specific expert reports from

plaintiffs. Plaintiffs Marilyn Melder's and Peggy Martinez's experts should accordingly be stricken, and plaintiff Tefferny Perez barred from designating an expert to testify on the issue of causation.

## II.    **FACTS**

Plaintiffs, who are represented by the law firm of O'Quinn, Laminack, and Pirtle, originally filed their cases in Louisiana state court. Wyeth removed these actions to Federal Court, and they were subsequently transferred into MDL No. 1203. Under this Court's applicable pretrial orders, these cases received a Discovery Initiation Date ("DID") of August 1, 2002.

Plaintiffs were required, under this Court's rolling discovery deadlines, to serve their case-specific expert designations and reports by November 1, 2002. As of August of 2003, however, Wyeth still had not received any expert reports from plaintiffs. Wyeth accordingly wrote plaintiffs' counsel a letter informing them of the delinquency of their reports, and offering to agree to an extension of discovery deadlines. *See* Exhibit 1, Letter from Meaghan Shaughnessy to plaintiffs' counsel dated August 26, 2003. On September 18, 2003, Special Master Miller granted an extension, giving plaintiffs until September 30, 2003 to produce their expert reports, and noting that these actions will be included on a Suggestion of Remand on December 15, 2003. *See* Exhibit 2, Letter from Special Master Miller dated September 18, 2003. But plaintiffs failed to meet this deadline as well, and Wyeth was accordingly forced to send yet another letter requesting that plaintiffs comply with their discovery obligations. *See* Exhibit 3, Letter from Keri Howe to Rebecca Uruttia dated October 14, 2003.

Plaintiff Tefferny Perez has designated no case-specific expert, and produced no expert report.[1] On October 22, 2003, nearly three weeks after their expert reports were due, and only eight days before Wyeth's own expert reports were due, plaintiffs Martinez and Melder served Designations of Case-Specific Experts and Reports that did not comply with the requirements of Federal Rule of Civil Procedure 26 or this Court's pretrial orders.[2] The following summarizes the deficiencies in each plaintiff's expert report:

- **Perez:**    No designation and no report.

- **Martinez:** Martinez's "expert report" consists, in its entirety, of an echocardiogram report prepared by one of her treating physicians, Dr. Chester Falterman. *See* Exhibit 5. Her expert's report thus does not contain such basic information as the expert's qualifications, his fee, his curriculum vitae, his publications, or a list of the cases in which he has testified in the past four years. Nor does the report contain any opinion on causation.[3]

- **Melder:**    Melder's expert's report consists of a letter report by Dr. Gabriel Lasala summarizing his interpretation of Ms. Melder's echocardiogram. Although the report

---

[1] Plaintiffs' counsel has stated that Perez did not produce an expert report because Wyeth did not specifically request a report from Perez. *See* Exhibit 4, Letter from Ann Levine to Susan Earnest dated October 28, 2003. Of course Wyeth is not obligated to "request" that *any* plaintiff comply with this Court's orders. Moreover, Wyeth did in fact request that Perez produce her expert report by requesting reports for the *Peggy Martinez et al.* case, in which Perez is a plaintiff. *See* Exhibit 3.

[2] Under PTO 417, plaintiffs must designate case-specific experts and produce expert reports by certain deadlines. This Court confirmed, in PTO 1162, that these reports must comply with Rule 26, and must provide information on the expert's causation opinion.

[3] In addition to the deficiencies noted above, Dr. Falterman's office has informed Wyeth that all but approximately five seconds of the recording of the echocardiogram on which Dr. Falterman's report is based has been destroyed. Rule 26(a)(2)(B) requires that an expert report "shall contain," among other things, "the data or other information considered by the witness in forming the opinions." Plaintiff Martinez thus has not and apparently cannot comply with Rule 26 because she cannot produce the echocardiogram recording upon which Dr. Falterman's opinion is based.

contains some of the basic information required by Rule 26, it does not contain a causation opinion. *See* Exhibit 6.

Thus, no plaintiff has submitted a report containing the key component of any case-specific expert report in a products liability case: an opinion that plaintiff's claimed injury was caused by the defendant's allegedly defective product. Plaintiffs' reports therefore fail to provide Wyeth with information necessary to defend these cases, or even to depose plaintiffs' experts.

Immediately after receiving these deficient reports, Wyeth sought yet again to obtain proper expert reports from Martinez and Melder, and a designation and report from Perez. Counsel for Wyeth conferred with counsel for plaintiffs on October 24, 2003 to explain the deficiencies in the reports received, and the absence of a report from Perez. *See* Exhibit 4. Wyeth followed this conversation with a letter explaining, in great detail, the deficiencies in plaintiffs' expert reports. *Id.* Wyeth has received no response to this letter. Because Wyeth has received no meaningful information about plaintiffs' experts' opinions, it has been unable to prepare or produce its own expert reports.[4]

## III.   ARGUMENT

Martinez and Melder have made no effort to cure the deficiencies in their reports, and Perez has designated no expert and produced no report. Plaintiffs' obstinate failure to comply with their discovery obligations has prevented Wyeth from obtaining any meaningful information regarding their experts' opinions, and has thus prevented Wyeth from preparing its

---

[4] Plaintiffs' failure to meet discovery deadlines has prevented the completion of discovery in these cases, including the production of Wyeth's expert reports. These cases accordingly will not be ready for remand on December 15, 2003, and Wyeth therefore respectfully requests that, in the event plaintiffs' experts are not excluded, the Court extend the discovery deadlines in these cases and defer remand until expert discovery can be completed.

defense of these actions. Plaintiffs should therefore be barred from presenting expert testimony at trial.

**A.    Plaintiffs Have Not Complied with Rule 26 or this Court's Scheduling Orders.**

Plaintiff Perez has failed to comply with this Court's discovery scheduling orders and Rule 26 by failing to designate an expert or produce a report disclosing her expert's opinions. Melder and Martinez have likewise failed to comply with this Court's orders or Rule 26 by filing their expert designations and reports late, and by failing to timely disclose required information about their experts' opinions.

Under Rule 26, a party who intends to call expert witnesses at trial must serve "a written report prepared and signed by the witness" that contains:

> A complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness in the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Federal Rule of Civil Procedure 26(a)(2)(B).

The purpose of expert disclosure requirements is "to give parties a reasonable opportunity to prepare an effective cross-examination of the opposing parties' expert witness and, if necessary, arrange for testimony from other experts." 6 James Wm. Moore et al., *Moore's Federal Practice* ¶26.23[2][a][1] (3d ed. 1999) (*citing* Federal Rule of Civil Procedure 26(a)(2) advisory committee's note (1993)). In strengthening the expert disclosure requirements in 1993, the drafters of Federal Rule of Civil Procedure 26(a)(2)(B) sought "to counter the practice under the former rule of providing information that 'was frequently so sketchy and vague that it rarely

dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness.'" *Id.* (*quoting* Federal Rule of Civil Procedure 26(a)(2) advisory committee's note (1993)).

Plaintiffs' expert reports in no way fulfill Rule 26's requirements that expert reports be "complete" and "detailed." *Dunkin' Donuts v. Patel*, 174 F. Supp. 2d 202, 211 (D.N.J. 2001). As noted, Martinez's report does not contain any of the information specifically required under Rule 26. And even Dr. Lasala's "report" for Melder offers no detail with respect to the substance of his testimony or the basis and reasoning behind his opinions, including whether he holds an opinion on causation. Both reports accordingly fail to comply with Rule 26(a)(2)(B). *LeBarron v. Haverhill Cooperative Sch. Dist.*, 127 F.R.D. 38, 40 (D.N.H. 1989) (applying previous rule 26(b)(4)(A)(i)).

**B.      Plaintiffs' Experts Should Be Excluded.**

Pursuant to Federal Rule of Civil Procedure 16(f), this Court may impose sanctions, including the exclusion of testimony, for plaintiffs' failure to provide Rule 26 disclosures in compliance with the Court's discovery deadlines. *See Sheppard v. Glock, Inc.*, 176 F.R.D. 471 (E.D. Pa. 1997) (J. Bartle) (finding exclusion of plaintiffs' liability expert appropriate sanction for plaintiffs' failure to produce liability expert's report in compliance with Court's scheduling order); F.R.C.P. 16(f).[5]

In *Sheppard*, this Court found, under facts similar to those presented here, that a plaintiff should be barred from presenting expert testimony due to her failure to timely produce a report for her designated expert. *Id.* The Court made this determination by applying the factors set

---

[5] Federal Rule of Civil Procedure 37(c)(1) also authorizes the exclusion of expert testimony based on a party's failure to make required Rule 26(a) disclosures.

forth by the Third Circuit in *Poulis v. State Fire & Cas. Co.*, 747 F.2d 863 (3rd Cir. 1984).[6] In

the present case, as in *Sheppard*, the *Poulis* factors favor exclusion of plaintiffs' experts:

> ### 1.    *Plaintiffs' failure to fulfill their discovery obligations demonstrates bad faith.*

As this court stated in *Sheppard*, "[t]he critical factor [under *Poulis*] is willfulness or bad

faith." *Sheppard*, 176 F.R.D. at 473. Plaintiffs' continuing failure to comply with discovery

orders, despite clear instructions on how to do so, demonstrates bad faith. *See, e.g., Ware*

*Communications, Inc. v. Rodale Press, Inc*, No. Civ. A. 95-5870, 2002 WL 89604, at *5 (E.D.

Pa. Jan 23, 2002) (finding that "Plaintiff's counsel has demonstrated bad faith in the instant case

by [*inter alia*] ignoring Defendant's requests for discovery [and] failing to comply with an Order

of this Court"). The O'Quinn firm, a veteran of the diet drug litigation with hundreds of cases

pending in MDL 1203, cannot seriously argue that it is unaware of its obligations under this

Court's orders or the Federal Rules.[7] And even if they could plead ignorance, Wyeth has advised

plaintiffs' counsel in the context of this particular case of their expert disclosure obligations

under Rule 26 and this Court's orders. *See* Exhibit 4. Plaintiffs' continuing failure to fulfill

these obligations is therefore in bad faith, and supports exclusion of their experts. *See Sheppard*,

176 F.R.D. at 476-78.

---

[6] The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) the party's history of dilatoriness; (4) whether the conduct of the party's attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis*, 747 F.2d at 868.

[7] Thus, as in *Sheppard*, "plaintiffs' counsel has represented other clients against these exact defendants and retained experts in those cases." *Sheppard*, 176 F.R.D. at 476. Plaintiffs therefore cannot argue that they were surprised by the Court's discovery deadlines, or that they were unable to consult with an expert in time to file their Rule 26 reports.

2.    *Plaintiffs' failure to fulfill their discovery obligations has prejudiced Wyeth.*

Plaintiffs' failure to provide timely Rule 26-compliant expert reports has prejudiced Wyeth for precisely the same reasons the Court found prejudice in *Sheppard*. First, plaintiffs' refusal to comply with discovery obligations has forced Wyeth to undertake the effort and expense of filing the present motion. *See id.* at 473-74 (noting defendant was prejudiced by being "obliged to file a motion to exclude plaintiffs' liability expert"); *see also Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 694 (3rd Cir. 1988) (finding "the costs incurred by appellees in obtaining discovery orders" constituted prejudice). Second, Wyeth has been unable to prepare its own expert reports due to plaintiffs' refusal to reveal their experts' opinions. *See id.* Most importantly, Wyeth has been prejudiced by being forced to prepare its defense of these actions without important, basic information about plaintiffs' experts' opinions. *See id.* (noting plaintiffs' failure to timely provide an expert report prejudiced defendants because it "substantially impeded defendants' ability to prepare an adequate defense"); *Curtis T. Bedwell and Sons*, 843 F.2d at 694 (finding prejudice where defendants were "deprived of important information" in discovery). Indeed, Wyeth has already had to depose three of plaintiffs' treating physicians, and will depose four more in December, without any meaningful information about plaintiffs' experts' opinions in these cases. This prejudice to Wyeth favors exclusion of plaintiffs' experts.

3.    *Exclusion of plaintiffs' experts will be the most effective sanction.*

As in *Sheppard*, exclusion of plaintiffs' experts is the most appropriate sanction in this case because it will deter other litigants from disregarding discovery obligations as plaintiffs have here. *See id.* at 478-79 (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (holding sanction of dismissal is appropriate to deter similar violation

of discovery orders by other litigants)). Indeed, deterrence is even more important here than in *Sheppard* because the task of managing discovery in MDL No. 1203 would soon prove impossible if plaintiffs were freely permitted to violate scheduling orders and shrug off their discovery obligations. Wyeth notes that it was recently forced to file a similar motion in another O'Quinn case due to another plaintiff's similar failure to produce Rule 26-compliant expert reports. *See* Wyeth's Motion for Summary Judgment or in the Alternative to Dismiss Pursuant to Federal Rule of Civil Procedure 16(f), filed in *Harleaux v. Wyeth*, MDL # 02-2221. Neither this Court nor Wyeth should be made to undertake this type of effort to force each of the hundreds of O'Quinn plaintiffs to comply with their discovery obligations. As it did in *Sheppard*, this Court should exclude plaintiffs' experts to deter other litigants, including the tens of thousands of diet drug plaintiffs and the hundreds of O'Quinn plaintiffs, from flouting their obligations under the Court's orders and the Federal Rules. *Id.*

### 4.    *Plaintiffs' counsel have exhibited a history of dilatoriness.*

This Court stated in *Sheppard* that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation . . . [a] history by counsel of ignoring these time limits is intolerable." *Id.* at 474 (quoting *Poulis*, 747 F.2d at 868). Plaintiffs' counsel in the present case have exhibited a long history of ignoring deadlines. As noted above, plaintiffs' expert reports were originally due in November of 2002. When Wyeth had not received these reports in August of 2003, it agreed to an extension of the deadline, which Special Master Miller granted. Plaintiffs ignored this deadline, however, and did not produce their inadequate reports until nearly three weeks after they were due, and only at Wyeth's request. And, of course, Perez has still not produced a designation or report. Therefore, as in *Sheppard*, plaintiffs' counsel's dilatory behavior favors exclusion. *Id.*

\*     \*     \*

The same four factors that justified exclusion of the plaintiffs' expert in *Sheppard* thus favor exclusion of plaintiffs' experts here.[8]  This Court should follow its decision in *Sheppard* and exclude plaintiffs' experts in this case for precisely the reasons it excluded plaintiffs' expert there.  Plaintiffs Melder and Martinez's experts should accordingly be stricken, and plaintiff Perez should be barred from designating a causation expert if she seeks to do so in the future.

---

[8] Wyeth concedes that, as in *Sheppard*, the other two *Poulis* factors (the extent of plaintiffs' personal responsibility and the meritoriousness of plaintiffs' claims) do not favor exclusion.  However, as this Court stated in *Sheppard*, "dismissal can be appropriate when some factors are not met."  *Id.* at 473 (citing *Hicks v. Feeney*, 850 F.2d 152, 156 (3rd Cir. 1988)).  Indeed, the Court excluded plaintiff's expert in *Sheppard* even though these same factors did not favor exclusion.

## CONCLUSION

For the reasons set forth above, Wyeth respectfully requests that this Court grant Wyeth's motion to Strike Melder's and Martinez's experts and bar Perez from designating a causation expert.

Respectfully submitted,

Peter L. Zimroth
Keri L. Howe
ARNOLD & PORTER
399 Park Avenue
New York, NY  10022
(212) 715-1010

David Neslin
Andrew Myers
ARNOLD & PORTER
370 Seventeenth Street
Suite 4500
Denver, Co 80202

_Caroline Flotron_
Michael T. Scott
Paul B. Kerrigan
Caroline Flotron
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8248

*Attorneys for Defendant Wyeth*

Dated:        December 9, 2003

# EXHIBIT 1

# ARNOLD & PORTER

Meaghan M. Shaughnessy
Meaghan_Shaughnessy@aporter.com

303.863.2364
303.832.0428 Fax

Suite 4500
370 Seventeenth Street
Denver, CO 80202

August 26, 2003

## VIA FACSIMILE AND UNITED STATES MAIL

Robert G. Harvey, Sr., Esq.
Harvey, Jacobson & Glago, APLC
2609 Canal Street, Fifth Floor
New Orleans, LA 70119
FAX: 504-822-2179

Darleen Jacobs, Esq.
Jacobs & Sarrat
823 St. Louis Street
New Orleans, LA 70112
FAX: 504-522-3819

Richard N. Laminack, Esq.
Buffy Martines
O'Quinn, Laminack, & Pirtle
440 Louisiana, Suite 2400
Houston, TX 77002
FAX: 713-222-6903

Re: *Martinez, et al. v. AHPC, et al.,* Case No. 02-0144
*Melder v. AHPC, et al.,* Case No. 02-20142

Ladies and Gentlemen:

We have not yet received plaintiff's case-specific expert reports for Peggy Martinez and Tefferny Perez in the *Martinez* case and Marilyn Melder in the *Melder* case, which were due November 1, 2002 according to the MDL rolling deadlines.

Despite your failure to adhere to this deadline, I am willing to discuss a revised due date for your case-specific expert reports. I suggest September 15, 2003 as the new deadline for Plaintiffs' case-specific expert reports. Wyeth's case-specific reports would then be due 30 days later on October 15, 2003 and the discovery cut-off for these cases would be February 1, 2004. Please let me know if you will agree to these dates, and I will submit a revised discovery schedule to the Special Master for approval.

Thank you in advance for your cooperation, and I look forward to hearing from you.

Sincerely,

Meaghan M. Shaughnessy

cc: Gregory P. Miller, Esq.

Washington, DC    New York    Los Angeles    Century City    Denver    London    Northern Virginia

EXHIBIT 2

1818 Market Street          25 Chestnut Street       www.mar-law.com
Suite 3402                 Suite 105
Philadelphia, PA 19103     Haddonfield, NJ 08033    REPLY TO:
215.972.6400 TEL           856.354.0955 TEL
215.981.0082 FAX           856.354.0918 FAX         Pennsylvania



MA&R

MILLER ALFANO & RASPANTI P.C.

September 18, 2003

<u>**VIA FACSIMILE AND FIRST CLASS MAIL**</u>

Daphne Werth, Esquire
Arnold & Porter
Suite 4500
370 Seventeenth Street
Denver, CO 80202

        RE:  Martinez, et al. v. AHPC, et al, MDL No. 1203,
            Case No. 02-0144; Melder v. AHPC, et al., MDL No.
            <u>1203, Case No. 02-20142</u>

Dear Ms. Werth:

    I am writing in connection with your September 10, 2003
conversation with Theresa Vitello of this office requesting a one-
month extension for the designation of case specific experts in the
above-referenced matters. Based on your conversation and your
colleague Meaghan Shaughnessy's August 26, 2003 letter, I have
approved your request. Plaintiff's case-specific expert reports
will be due on September 30, 2003, and, in turn, Wyeth's case-
specific expert reports will be due on October 30, 2003.

    Further, these matters will be placed on a Suggestion of
Remand Order on December 15, 2003. If you have any questions or if
there is anything further my office can do to expedite these
matters, please do not hesitate to contact us.

                    Very truly yours,

                    GREGORY P. MILLER
                    Special Discovery Master

GPM/rab

cc:  Robert C. Harvey, Sr., Esquire
     Darleen Jacobs, Esquire
     Richard Laminack, Esquire
     Buffy Martinez, Esquire
     Meaghan Shaughnessy, Esquire

# EXHIBIT 3

# ARNOLD & PORTER

212.715.1000
212.715.1399 Fax

34th Floor
399 Park Avenue
New York, NY 10022-4690

October 14, 2003

<u>VIA FACSIMILE</u>

Rebecca Urrutia
2752 Canal St.
New Orleans, LA
70119

Re:   *Martinez, et al. v. AHPC, et al., MDL Case No. 02-0144*
      *Melder v. AHPC, et al., MDL Case No. 02-20142*

Dear Rebecca:

I am writing with respect to your expert reports in the above-referenced cases. According to the Special Master's letter of September 18th, which I have attached for your convenience, plaintiffs' case-specific expert reports were due on September 30, 2003. To date, we have not received your reports. Please produce them immediately as we cannot prepare our own reports until you do so.

Sincerely,

Keri Howe

cc:   Gregory P. Miller, Esq.
      Robert C. Harvey, Sr., Esq.
      Darleen Jacobs, Esq.
      Richard Laminack, Esq.
      Buffy Martinez, Esq.

Washington, DC     New York     Los Angeles     Century City     Denver     London     Northern Virginia

OCT 14 2003 15:09 FR ARNOLD PORTER        212 715 1397 TO **4779*02571190* P.06/06

09/18/03  18:36 FAX                                                      002/002

| 1818 Market Street | 25 Chestnut Street | www.mar-law.com |
| Suite 3402 | Suite 103 | |
| Philadelphia, PA 19103 | Haddonfield, NJ 08033 | REPLY TO: |
| 215.972.6400 TEL | 856.354.0955 TEL | |
| 215.981.0082 FAX | 856.354.0918 FAX | Pennsylvania |

**MILLER ALFANO & RASPANTI P.C.**

September 18, 2003

**VIA FACSIMILE AND FIRST CLASS MAIL**

Daphne Werth, Esquire
Arnold & Porter
Suite 4500
370 Seventeenth Street
Denver, CO 80202

RE:  Martinez, et al. v. AHPC, et al, MDL No. 1203,
     Case No. 02-0144; Melder v. AHPC, et al., MDL No.
     1203, Case No. 02-20142

Dear Ms. Werth:

     I am writing in connection with your September 10, 2003
conversation with Theresa Vitello of this office requesting a one-
month extension for the designation of case specific experts in the
above-referenced matters.    Based on your conversation and your
colleague Meaghan Shaughnessy's August 26, 2003 letter, I have
approved your request.  Plaintiff's case-specific expert reports
will be due on September 30, 2003, and, in turn, Wyeth's case-
specific expert reports will be due on October 30, 2003.

     Further, these matters will be placed on a Suggestion of
Remand Order on December 15, 2003.  If you have any questions or if
there is anything further my office can do to expedite these
matters, please do not hesitate to contact us.

                              Very truly yours,

                              GREGORY P. MILLER
                              Special Discovery Master

GPM/xab

cc:  Robert C. Harvey, Sr., Esquire
     Darleen Jacobs, Esquire
     Richard Laminack, Esquire
     Buffy Martinez, Esquire
     Meaghan Shaughnessy, Esquire

                                        ** TOTAL PAGE.06 **

# EXHIBIT 4

ATTORNEYS AT LAW

# MᴄGLINCHEY STAFFORD PLLC

**ANN D. LEVINE**
(504) 596-2869
Fax (504) 596-2867
alevine@mcglinchey.com

NEW ORLEANS
HOUSTON
BATON ROUGE
JACKSON
CLEVELAND
MONROE
DALLAS

October 28, 2003

**VIA FACSIMILE AND MAIL**
Susan Earnest, Esq.
Diet Drugs Litigation
2752 Canal Street
New Orleans, LA 70119

Re:  *Peggy Martinez, et al v. American Home Products Corporation, et al.*
*Marilyn Melder v. v. American Home Products Corporation, et al.*

Dear Susan:

We received Plaintiffs' Designations of Case Specific Experts and Reports on plaintiffs Peggy Martinez and Marilyn Melder on October 23, 2003, but we did not receive a Case Specific Designation and Expert Report on plaintiff Tefferny Perez, although it was also due on September 30, 2003. When you and I discussed these reports on Friday, October 24, 2003, I told you that we had not received a report on Ms. Perez and you responded that no report had been provided to us because counsel for Wyeth had not specifically asked for a Perez report. Under the MDL Court's pretrial orders plaintiff's expert reports are due three months after the Discovery Initiation Date assigned when the case arrives at the court. No request by Wyeth is required to trigger the submission of the report. In this instance, however, Keri Howe's correspondence to you on the issue of Case Specific Expert Reports requested reports in *Martinez et al.*, and that includes Ms. Perez who is a plaintiff in the *Martinez* case. Therefore, please provide us with a Case Specific Report on Ms. Perez as soon as possible.

On Friday, you and I also discussed certain deficiencies in the reports. The MDL Court's orders envision that the case specific experts are the witnesses who testify about whether exposure to the product caused the specific injury claimed by the plaintiff. Neither Dr. Falterman's echocardiogram report nor Dr. Lasala's report fits this category because neither report even mentions any opinion on causation.

The Case Specific Report of Chester Falterman, M.D. in the Peggy Martinez case is also deficient because it lacks the Fed. R. Civ. P. 26(a)(2) disclosures as required by both the rule and PTO 1162. (See attached) Additionally, the report is merely Dr. Falterman's interpretation of an echocardiogram of November 18, 1997; Dr. Falterman does not address the medical causation of Ms. Martinez's alleged injury and, in fact, does not even mention her exposure to diet drugs.

The Case Specific Report of Gabriel Lasala on Ms. Melder is similarly deficient. Again, the report offers no opinion as to the medical causation of Ms. Melder's alleged injuries, nor does it address Ms. Melder's exposure to diet drugs.

Rule 26 requires that the expert report "shall contain a complete statement of all opinions to be expressed and the basis and reasons" for those opinions and "the data or other information considered by the witness in forming those opinions." The reports we received do not meet that requirement. If we do not receive reports that comply with Rule 26 by the close of business on Wednesday, November 5, 2003, on these three plaintiffs, we will move for dismissal of their claims.

Cordially,

**McGlinchey Stafford, PLLC**

Ann DeGroff Levine

cc:     Theresa Vitello (facsimile and mail)
        Mail Only:
        Daphne Werth
        Alfred McDonnell
        Keri Howe